IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.

| | |
|---|---|
| WEST BEND INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>SERENITY THERAPEUTIC SERVICES, INC., JOHN DOE 1, BY AND THROUGH HIS GUARDIAN AD LITEM, MATTHEW J. DIXON AND JOHN DOE 2,<br><br>    Defendants | **COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW Plaintiff, West Bend Insurance Company ("West Bend"), and pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, hereby files its Complaint for Declaratory Judgment, respectfully showing unto the Court as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff West Bend is a corporation organized and existing under the laws of the State of Wisconsin, maintaining its principal office and principal place of business in West Bend, Wisconsin. West Bend is a citizen of Wisconsin.

2. Defendant Serenity Therapeutic Services, Inc. ("Serenity") is a private for-profit corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in Hoke County, North Carolina. Serenity is a citizen of North Carolina.

3. Defendant John Doe 1 is a minor appearing through his appointed Guardian ad Litem, Matthew J. Dixon, who is a citizen and resident of Bladen County, North Carolina. Upon information and belief, Defendant John Doe 1 is a citizen of North Carolina.

4. Defendant John Doe 2 is, upon information and belief, a citizen and resident of Robeson County, North Carolina. Defendant John Doe 2 is a citizen of North Carolina.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that: (a) West Bend and Defendants are citizens of different states and (b) the value of the matter in controversy, exclusive of interest and costs, exceeds the requisite jurisdictional amount.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(3) in that this action is brought in the judicial district in which all Defendants are subject to the Court's personal jurisdiction.

## THE UNDERLYING ACTION

7. On July 24, 2025, John Doe 1, by and through his Guardian ad Litem, Matthew J. Dixon and John Doe 2 (collectively "John Does") filed suit against Serenity and several other Defendants in the Superior Court of Hoke County, North Carolina, styled *John Doe 1, by and through his Guardian ad litem, Matthew J. Dixon; and John Doe 2 v. Serenity Therapeutic Services, Inc.; Roes 1-20, inclusive*, Case Number 25CV001049-460 ("Underlying Action"). A true and correct copy of the John Does Complaint filed in the Underlying Action ("Complaint") is attached hereto as **Exhibit A**.

8. In the Complaint filed in the Underlying Action, it is alleged that the John Does were placed into a foster home operated by Paul Locklear ("Locklear") and his wife in Robeson County, North Carolina between March of 2022 and August of 2024 and were sexually assaulted by Locklear.

9. According to the Complaint in the Underlying Action, Serenity provided foster care services and placed the John Does in the Locklear foster home.

10. The Complaint alleges that the offenses against the John Does occurred during times when Locklear served as a foster parent having been selected, approved and monitored by Serenity to provide foster care placement.

11. The Complaint in the Underlying Action alleges causes of action of negligence/gross negligence and negligent infliction of emotional distress as to Serenity contending that Serenity is a foster care agency responsible for recruiting, screening, approving and monitoring foster homes, including the Locklear home.

12. The John Does seek compensatory damages and punitive damages against Serenity.

13. Upon information and belief, the John Does seek to recover damages in excess of $75,000.00.

## THE WEST BEND POLICY

14. Serenity is the named insured under a policy with West Bend that includes Commercial General Liability and Commercial Umbrella Liability coverage under policy number A869651 with policy periods from January 14, 2021 to January 14, 2022, January 14, 2022 to January 14, 2023, January 14, 2023 to January 14, 2024, January 14, 2024 to January 14, 2025 and January 14, 2025 to January 14, 2026 ("Policy").

15. The Policy provides Commercial General Liability Coverage with limits of $1,000,000 Each Occurrence and $3,000,000 General Aggregate.

16. The Policy provides Commercial Umbrella Liability Coverage with limits of $1,000,000 Each Occurrence and $1,000,000 General Aggregate.

3

17. The material terms and conditions of the Policy issued by West Bend to Serenity from 2021 through 2026 are identical. A true and correct copy of the January 14, 2024 to January 14, 2025 Policy is attached hereto as **Exhibit B**.

18. The Policy contains an endorsement under both the Commercial General Liability Coverage and the Commercial Umbrella Liability Coverage which modifies the insurance provided under both the Commercial General Liability Coverage and the Commercial Umbrella Liability Coverage.

19. The Exclusion – Designated Operations endorsement provides that the Commercial General Liability Coverage and the Commercial Umbrella Liability Coverage does not apply to claims of "bodily injury" arising out of "any and all alternative family living, adoption, and/or foster care arrangements and operations" regardless of whether such operations are conducted by Serenity or on Serenity's behalf or whether the operations are conducted for Serenity or for others.

## DECLARATORY JUDGMENT

20. The allegations contained in paragraphs 1 through 19 above are re-alleged and incorporated by reference as if fully set forth herein.

21. Based on the allegations in the Underlying Action, the Policy does not provide coverage to Serenity for the claims asserted against it.

22. The claims asserted against Serenity in the Underlying Action are specifically excluded from coverage as the allegations in the Underlying Action pertain to Serenity's provision of foster care services and/or operations and such services and/or operations are specifically excluded pursuant to the Exclusion – Designated Operations endorsement.

23. The Underlying Action has been reported to West Bend by Serenity and Serenity has requested coverage from West Bend under the Policy for the claims asserted against it in the Underlying Action.

24. West Bend is of the position that it does not have a duty under the Policy to provide a defense to Serenity and that it does not have any duty to provide indemnity for any judgment or settlement.

25. West Bend has agreed to provide a defense to Serenity in the Underlying Action, subject to a full reservation of rights under the Policy.

26. An actual controversy has arisen and now exists between West Bend and Serenity concerning whether the West Bend Policy provides coverage to Serenity for the claims asserted by the John Does in the Underlying Action.

27. West Bend seeks a declaration from this Court with respect to its duties and obligations under the Policy in connection with the claims asserted by the John Does in the Underlying Action. Specifically, West Bend seeks a declaration from this Court that it has no obligation to provide a defense to Serenity in the Underlying Action and that it does not have an obligation to provide indemnity to Serenity for any judgment or settlement.

28. By reason of the foregoing, it is necessary and appropriate at this time for the Court to determine and declare the respective rights, obligations, and liabilities, if any, which exist among the parties to this lawsuit under the West Bend Policy.

WHEREFORE, Plaintiff West Bend Insurance Company prays as follows:

a. That process of Summons be issued against the Defendants and that the Defendants be served as required by law;

b. That this Court declare that West Bend has no obligation to provide insurance coverage under the West Bend Policy to Serenity for the claims asserted by the Jon Does in the Underlying Action;

c. That West Bend recover its costs in filing this action; and

d. That West Bend be awarded all other relief to which it is entitled.

This the 31st day of October, 2025.

/s/Heather G. Connor
HEATHER G. CONNOR
Bar No: 27653
Attorney for Plaintiff
McAngus Goudelock & Courie, PLLC
6302 Fairview Road, Suite 700
Charlotte, North Carolina 28210
**Mailing Address:** Post Office Box 30307
Charlotte, NC 28230
(704) 643-6303
heather.connor@mgclaw.com